Hillsborough,
Nov. 3, 1920.

### PARK SQUARE AUTOMOBILE STATION *v.* AMERICAN LOCOMOTIVE COMPANY.

If, after the termination of a contract, the parties proceed in the same manner without any new express contract, there is a presumption that they understand their relations are governed by the terms of the expired contract; but this presumption is one of fact and not of law and may be rebutted.

ACTION AT LAW, to recover damages for the breach of a stipulation alleged to be part of an implied contract. Facts found by a referee. Transferred from the January term, 1920, of the superior court by *Allen*, J., without a ruling, upon the plaintiff's motion to recommit and the defendant's motion for judgment on the report.

The material facts found by the referee are as follows: The plaintiff, a Maine corporation, was formerly engaged in the retail sale of automobiles in Boston. The defendant, a New York corporation, was engaged in their manufacture. In 1908 the parties did business under a written contract by the terms of which the defendant agreed to sell the plaintiff such of their automobiles as they desired to buy at 20 per cent less than the list price and agreed that during the continuance of the contract the plaintiff should have the exclusive right of sale of the defendant's automobiles in certain territory. This contract expired by its terms October 31, 1908, and was not renewed in writing until January, 1910. January 30, 1912, the plaintiff brought suit against the defendant for breach of the stipulation of the written contract of 1908, giving them the exclusive right of sale of the defendant's automobiles, by the sale of certain taxicabs within the plaintiff's territory. In this litigation it was found as a

fact that by automobiles the parties understood and intended to include taxicabs and the plaintiff recovered damages for the breach. *Wier* v. *American Locomotive Co.* 215 Mass. 303. At the trial in that suit the plaintiff contended, offered evidence to prove and the court found that between October 31, 1908, and January, 1910, the parties did business under an express written contract excepting commercial cabs and trucks from the exclusive selling rights given the plaintiff by the contract of 1908.

The written contract of January, 1910, contained such a stipulation, but no contract in writing existed covering the period from October 31, 1908, to January, 1910. The parties, however, continued to do business together in the same manner as before with the same discount of 20 per cent from list price on goods bought by the plaintiff of the defendant. The plaintiff in the present action contended that the continuance of the same relations from October 31, 1908, to January, 1910, that had existed before October 31, 1908, without any express agreement created a new contract between the parties with precisely the same terms, stipulations and provisions as the earlier express contract except as to time of operation, and as it had been adjudged that the express contract included taxicabs within the plaintiff's exclusive privilege, it must be found that the implied contract contained the same stipulation; but the referee finds as a fact that one of the provisions of the implied contract between the parties for the period from October 31, 1908, resulting from the plain understanding of the parties, was that the defendant might sell commercial cabs and trucks, including taxicabs, to anyone, anywhere, without compensation, commission or liability of any kind to the plaintiff. Upon these findings, with others not material to the decision, the referee ruled that the plaintiff was not entitled to recover.

*Albert Terrien* and *Edward C. Stone* (of Massachusetts), for the plaintiff.

*Taggart, Tuttle, Wyman & Starr* and *Story, Thorndike, Palmer & Dodge* (of Massachusetts) (*Mr. Dodge* orally), for the defendant.

PARSONS, C. J. The plaintiff's claim is not for commissions but for damages for the breach of a stipulation alleged to be part of an implied contract under which the parties did business from October 31, 1908, to January, 1910. The plaintiff contends that the adjudica-

tion of the Massachusetts court in 1913 as to what the parties meant in their written contract of 1908 is *res judicata* in this suit; and the defendant claims that the same judgment conclusively determined that for the period covered by this suit the parties did business under an express written contract which excepted commercial cabs, trucks and taxicabs from the plaintiff's exclusive privilege. The referee has not passed upon the several claims as to *res judicata,* but finds if the question is open that there was no written contract in existence but that the implied contract under which the parties acted contained this exception. Assuming that for the purposes of this suit it is conclusively determined by the litigation that up to October 31, 1908, taxicabs were included within the plaintiff's exclusive privilege, the parties had the power to except them thereafter as they did in the written contract of 1910. They could do the same under the contract by which they elected to govern their relations up to 1910. Whether they did so or not is a question of fact. The referee's finding from evidentiary facts, abundantly sufficient to authorize the conclusion, that the parties understood that the defendant might sell commercial cabs and trucks including taxicabs to anyone, anywhere, without compensation, commission or liability of any kind to the plaintiff, is a finding that although the parties continued to do business in the same manner as before, they did so upon the understanding that taxicabs were excepted from the plaintiff's exclusive privilege even if it must be found by force of the Massachusetts judgment that up to October 31, 1908, they understood they were included.

Where parties after the termination of a contract proceed in the same manner, without any new contract, there is a presumption that they understand their relations are governed by the terms of the expired contract. *New Hampshire Iron Factory Co.* v. *Richardson,* 5 N. H. 294, 295; *Chamberlain* v. *Davis,* 33 N. H. 121. But the presumption is one of fact, not law, and may be rebutted. Evidence of continuance in employment or tenancy after the termination of an express contract furnishes a presumption of a continuance of the relation on the same terms in the absence of any other evidence, but evidence of periodical settlements at a greater or a less rate would authorize a finding of a mutual understanding of a change in the price agreed to be paid for service or a rent. The trouble with the plaintiff's position is that the referee, instead of finding the parties acted in 1909 under the terms of the contract as the Massachusetts court interpreted it in 1913, finds they did business with a

definite mutual understanding as to the matter in dispute fatal to the plaintiff's contention. The plaintiff sues for breach of a stipulation which the referee finds did not exist. As the plaintiff failed to prove the contract, there was no breach and the defendant is entitled to judgment.

*Judgment on the report for the defendant.*

WALKER, J., was absent: the others concurred.